Joseph J. Wielebinski (TBN 21432400)
E. Lee Morris (TBN 00788079)
Phil C. Appenzeller, Jr. (TBN 24003710)
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: 214.855.7500
Facsimile: 214.855.7584
jwielebinski@munsch.com
lmorris@munsch.com
pappenzeller@munsch.com

*Attorneys for Texas Rangers Baseball Partners*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TEXAS RANGERS BASEBALL PARTNERS, | § | Case No. 10-43400-DML |
| | § | |
| Debtor. | § | |
| | § | |
| PARADIGM AIR CARRIERS, INC. d/b/a PARADIGM AIR OPERATORS, INC. and SPORTSJET AIR OPERATORS, LLC, | § | |
| | § | |
| Plaintiffs/Counter-Defendants, | § | |
| v. | § | |
| | § | |
| TEXAS RANGERS BASEBALL PARTNERS, | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | Adversary No. 11-4017-SGJ |
| | § | |
| TEXAS RANGERS BASEBALL PARTNERS, | § | |
| | § | |
| Third-Party Plaintiff, | § | |
| v. | § | |
| | § | |
| HSG SPORTS GROUP LLC, | § | |
| | § | |
| Third-Party Defendant. | § | |

**ORIGINAL ANSWER OF TEXAS RANGERS BASEBALL PARTNERS
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE STACEY G.C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

Texas Rangers Baseball Partners ("**TRBP**") hereby files its Original Answer to Paradigm Air Carriers, Inc. d/b/a Paradigm Air Operators, Inc.'s and SportsJet Air Operators, LLC's First Amended Complaint [Docket No. 11] (the "**Complaint**") jointly filed by Paradigm Air Carriers, Inc. ("**PAC**") d/b/a Paradigm Air Operators, Inc. ("**PAO**") and SportsJet Air Operators, LLC ("**SAO**", and together with PAC d/b/a PAO, "**Paradigm**"), respectfully stating as follows:[1]

## I. ANSWER

Subject to, and without waiving, each of TRBP's affirmative defenses set forth herein below and TRBP's separately-filed Original Third-Party Complaint Against HSG Sports Group LLC and Counterclaim Against the Paradigm Parties [Docket No. 151 and 153], TRBP answers the Complaint as follows:[2]

### Parties

1.  TRBP lacks sufficient information and knowledge to admit or deny the factual assertions set forth in the first and third sentences of Paragraph 1 of the Complaint; therefore, the same are deemed denied. TRBP admits the factual assertions set forth in the second sentence of Paragraph 1.

---

[1] On July 10, 2013, the Court entered its *Memorandum Opinion and Order: (1) Denying Paradigm's Motion for Summary Judgment and Granting TRBP's Motion for Summary Judgment as to Count 1 of the Amended Complaint; (2) Granting Paradigm's Motion for Summary Judgment and Denying TRBP's Motion for Summary Judgment as to Count 2 of the Amended Complaint; and (3) Denying Paradigm's and HSG's Motion to Dismiss TRBP's Third Party Complaint Against HSG and Counterclaim Against Paradigm* [Docket No. 190] and on August 30, 2013, the Court entered a *Partial Judgment with Respect to Paradigm Air Carriers, Inc. d/b/a Paradigm Air Operators, Inc.'s and SportsJet Air Operators, LLC's First Amended Complaint* [Docket Nos. 197-199] (collectively, the "**Prior Rulings**"). Pursuant to the Prior Rulings, the Court has already ruled on or otherwise disposed of, in whole or in part as applicable, certain of the Counts of the Complaint. In relation to the remaining Counts, and because this Original Answer is TRBP's first-filed answer in response to the Complaint, out of an abundance of caution the Original Answer responds to the Complaint, and includes various affirmative defenses, as though the Prior Rulings have not yet been issued so as to ensure that none of TRBP's defenses or defensive positions are in any way waived or deemed waived.

[2] Unless separately defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Complaint.

2.      TRBP lacks sufficient information and knowledge to admit or deny the factual assertions set forth in the first sentence of Paragraph 2 of the Complaint; therefore, the same are deemed denied. TRBP admits the factual assertions set forth in the second sentence of Paragraph 2.

3.      With respect to the first sentence of Paragraph 3 of the Complaint, TRBP admits that it is a Texas general partnership. TRBP further admits the factual assertions set forth in the second and third sentences of Paragraph 3. TRBP is not required to admit or deny the assertions set forth in the final sentence of Paragraph 3, as they are legal in nature. In all other respects, TRBP denies the factual assertions set forth in Paragraph 3.

### Jurisdiction and Venue

4.      TRBP admits the assertions set forth in Paragraph 4 of the Complaint.

5.      TRBP admits the assertions set forth in Paragraph 5 of the Complaint.

6.      TRBP admits the assertions set forth in Paragraph 6 of the Complaint.

### Statement of Facts

7.      TRBP admits the factual assertions set forth in the first and second sentences of Paragraph 7 of the Complaint. With respect to the third sentence of Paragraph 7, TRBP admits that both Rangers Equity LP and Rangers Equity GP are holding companies and that they are subsidiaries of HSG. TRBP further admits the factual assertions set forth in the final sentence of Paragraph 7. In all other respects, TRBP denies the factual assertions set forth in Paragraph 7.

8.      TRBP denies the factual assertions set forth in the first sentence of Paragraph 8 of the Complaint. With respect to the second sentence of Paragraph 8: TRBP denies that Paradigm (as defined in the Complaint) entered into a written contract with TRBP, but admits that in 2003 PAC entered into a written contract with TRBP; TRBP lacks sufficient information and

knowledge to admit or deny whether Paradigm entered into a written contract with Dallas Stars, LP; and in all other respects, TRBP denies the factual assertions set forth in said sentence. With respect to the third sentence of Paragraph 8, TRBP asserts that the 2003 agreement between PAC and TRBP and any agreement that may have been entered into between Paradigm and Dallas Stars, LP speak for themselves, respectively, and TRBP hereby admits the factual assertions set forth in said sentence only to the extent consistent with such agreements, denying all other factual assertions. TRBP lacks sufficient information and knowledge to admit or deny the factual assertions set forth in the final sentence of Paragraph 8; therefore, the same are deemed denied.

9. TRBP lacks sufficient information and knowledge to admit or deny the factual assertions set forth in Paragraph 9 of the Complaint; therefore, the same are deemed denied.

10. With respect to the first sentence of Paragraph 10 of the Complaint, TRBP admits that HSG and PAO d/b/a SAO entered into an Aircraft Charter Agreement, dated as of June 21, 2007 (the "**2007 Charter Agreement**"),[3] but in all other respects denies the factual assertions of said sentence. With respect to the second sentence of Paragraph 10: TRBP admits the factual assertions set forth in footnote 1; and in all other respects, TRBP asserts that the 2007 Charter Agreement speaks for itself and hereby admits the factual assertions set forth in said sentence only to the extent consistent with such agreement, denying all other factual assertions. With respect to the third sentence of Paragraph 10, TRBP asserts that the 2007 Charter Agreement speaks for itself and hereby admits the factual assertions set forth in said sentence only to the extent consistent with such agreement, denying all other factual assertions.

11. TRBP denies the factual assertions set forth in Paragraph 11 of the Complaint.

---

[3] All references hereinafter to the "2007 Charter Agreement" shall mean and refer to the "2007 Charter Agreement" as defined herein.

12. With respect to Paragraph 12 of the Complaint, TRBP asserts that the 2007 Charter Agreement speaks for itself and hereby admits the factual assertions set forth in said paragraph only to the extent consistent with such agreement, denying all other factual assertions.

13. TRBP denies the factual assertions set forth in the first sentence of Paragraph 13 of the Complaint.  TRBP lacks sufficient information and knowledge to admit or deny the factual assertions set forth in the second sentence of Paragraph 13; therefore, the same are deemed denied.  With respect to the final sentence of Paragraph 13: TRBP admits that the 2007 Charter Agreement required HSG to pay Paradigm directly for charter services; TRBP admits that it had an unenforceable oral agreement with HSG to reimburse HSG for certain expenses incurred by HSG under the 2007 Charter Agreement in providing aircraft charter services to TRBP; TRBP lacks sufficient information and knowledge to admit or deny whether Dallas Stars, L.P. had an agreement with HSG to reimburse HSG; and in all other respects, TRBP denies the factual assertions set forth in said sentence.

14. With respect to the first sentence of Paragraph 14 of the Complaint: TRBP admits that on May 20, 2010, counsel for TRBP approached Paradigm to request Paradigm's execution of a Consent to Shared Charter Services Agreement; TRBP asserts that it is not required to admit or deny the assertion that the consent was required by the 2007 Charter Agreement, as such assertion is legal in nature; and in all other respects, TRBP denies the factual assertions set forth in said sentence.  With respect to the second sentence of Paragraph 14, TRBP asserts that the Shared Charter Services Agreement speaks for itself and hereby admits the factual assertions set forth in said sentence only to the extent consistent with such agreement, denying all other factual assertions.  TRBP denies the factual assertions set forth in the third sentence of Paragraph 14.

15. With respect to the first sentence of Paragraph 15 of the Complaint: TRBP admits that Paradigm revised the draft of the Shared Charter Services Agreement; and with respect to the factual assertions regarding the nature of such revisions, TRBP asserts that the revisions speak for themselves and admits such factual assertions regarding the revisions only to the extent consistent with such revisions, denying all other factual assertions. With respect to the second sentence of Paragraph 15: TRBP admits that the Shared Charter Services Agreement and the Consent to Shared Charter Services Agreement did not release HSG from its payment responsibilities; and with respect to all other factual assertions, TRBP asserts that the Shared Charter Services Agreement and the Consent to Shared Charter Services Agreement speak for themselves and hereby admits such factual assertions only to the extent consistent with such agreements, denying all other factual assertions.

16. TRBP denies the factual assertions set forth in the first sentence of Paragraph 16 of the Complaint. With respect to the second sentence of Paragraph 16: TRBP admits that Paradigm executed the Consent to Shared Services Agreement on May 23, 2010; and in all other respects, lacks sufficient information and knowledge to admit or deny the factual assertions set forth in said sentence; therefore, the same are deemed denied. With respect to the final sentence of Paragraph 16: TRBP admits that on May 23, 2010, HSG and TRBP executed the Shared Charter Services Agreement; and with respect to all other factual assertions, TRBP asserts that the Shared Charter Services Agreement speaks for itself and admits such factual assertions only to the extent consistent with the Shared Charter Services Agreement, denying all other factual assertions. In all other respects, TRBP denies the factual assertions set forth in Paragraph 16.

17. TRBP denies the factual assertions set forth in Paragraph 17 of the Complaint.

18. TRBP is not required to admit or deny the assertions set forth in Paragraph 18 of the Complaint, as they are legal in nature.

19. TRBP admits the factual assertions set forth in Paragraph 19 of the Complaint.

20. With respect to Paragraph 20 of the Complaint: TRBP admits that, pursuant to its agreement with HSG under the Shared Charter Services Agreement, it made payments to Paradigm for charter services rendered in June, July and August 2010; TRBP admits that, pursuant to its agreement with HSG under the First Amendment to Shared Charter Services Agreement and, in conjunction with the assumption and assignment to RBE of the Shared Charter Services Agreement as amended by the First Amendment to Shared Charter Services Agreement, the terms of the Asset Purchase Agreement between TRBP and RBE (as amended from time to time) approved and consummated in accordance with the Plan and the Court's order confirming the Plan, TRBP made payments to Paradigm for charter services rendered in September and October 2010; and in all other respects, TRBP denies the factual assertions set forth in said paragraph.

21. TRBP denies the factual assertions set forth in Paragraph 21 of the Complaint.

22. With respect to the first sentence of Paragraph 22 of the Complaint, TRBP asserts that the proposed Amended Disclosure Statement [Docket No. 226] filed on June 17, 2010 (as opposed to June 16, 2010 as alleged) speaks for itself and hereby admits the factual assertions set forth in said sentence only to the extent consistent with such filing, denying all other factual assertions. TRBP is not required to admit or deny the assertions set forth in the second and third sentences of Paragraph 22, as they are legal in nature. With respect to the fourth sentence of Paragraph 22, TRBP admits that on July 15, 2010, the Court entered an Order Adopting Bidding Procedures [Docket No. 363], that said order approved Exhibit C thereto, and that Exhibit C (a

First Amendment to Asset Purchase Agreement) provided for an amendment to the terms of the Shared Charter Services Agreement.  In all other respects, TRBP denies the factual assertions set forth in Paragraph 22.

23. TRBP admits the factual assertions set forth in the first sentence of Paragraph 23 of the Complaint.  With respect to the second sentence of Paragraph 23: TRBP admits that RBE submitted the winning bid; TRBP admits that the Plan was confirmed on August 5, 2010; and with respect to all other factual assertions set forth in said sentence, TRBP asserts that the Plan speaks for itself and hereby admits such factual assertions only to the extent consistent with the Plan, denying all other factual assertions.  With respect to the third sentence of Paragraph 23: TRBP admits that TRBP and HSG entered into a First Amendment to Shared Charter Services Agreement, effective as of August 12, 2010, the Plan's Effective Date; and in all other respects, TRBP denies the factual assertions set forth in said sentence.

24. With respect to the first sentence of Paragraph 24 of the Complaint: TRBP is not required to admit or deny the assertions set forth therein, as they are legal in nature; and TRBP further asserts that the First Amendment to Shared Charter Services Agreement speaks for itself and, to the extent any factual assertions are contained in the first sentence, hereby admits such factual assertions only to the extent consistent with the First Amendment to Shared Charter Services Agreement, denying all other factual assertions; provided, however, that TRBP expressly denies that TRBP ever assumed any obligations under the 2007 Charter Agreement. With respect to the second sentence of Paragraph 24, TRBP asserts that the First Amendment to Shared Charter Services Agreement speaks for itself and hereby admits the factual assertions set forth in such sentence only to the extent consistent with the First Amendment to Shared Charter Services Agreement, denying all other factual assertions.

25. TRBP is not required to admit or deny the assertions set forth in Paragraph 25 of the Complaint, as they are legal in nature.

26. TRBP lacks sufficient information and knowledge to admit or deny the factual assertions set forth in the first sentence of Paragraph 26 of the Complaint; therefore, the same are deemed denied. With respect to the second sentence of Paragraph 26: TRBP admits that Paradigm was advised that the First Amendment to Shared Charter Services Agreement was consistent with the bankruptcy court rulings; and in all other respects, TRBP denies the factual assertions set forth in said sentence. With respect to the third sentence of Paragraph 26, TRBP asserts that RBE's bid speaks for itself and hereby admits the factual assertions set forth in such sentence only to the extent consistent with RBE's bid, denying all other factual assertions. With respect to the final sentence of Paragraph 26: TRBP denies that Paradigm was not advised of the First Amendment to Shared Charter Services Agreement; TRBP lacks sufficient information and knowledge to admit or deny the assertion that Paradigm did not consent to the First Amendment to Shared Charter Services Agreement; therefore, such factual assertion is deemed denied; and with respect to the remaining assertions in said sentence, TRBP is not required to admit or deny such assertions, as they are legal in nature.

27. With respect to the first sentence of Paragraph 27, TRBP admits that the Plan Administrator takes the position that the Shared Charter Services Agreement, as amended by the First Amendment to Shared Charter Services Agreement, was assumed and assigned to RBE under the terms of the Plan.[4] TRBP denies the factual assertions set forth in the second sentence of Paragraph 27.[5]

---

[4] In further answer, however, TRBP notes that, in accordance with the terms of the First Amendment to Shared Charter Services Agreement and the Asset Purchase Agreement between TRBP and RBE (as amended from time to time) approved and consummated in accordance with the Plan and the Court's order confirming the Plan, TRBP agreed to remain responsible for the payment of certain obligations specified in the First Amendment to Shared

28. With respect to Paragraph 28 of the Complaint, TRBP admits that the 2007 Charter Agreement was never effectively or legally assigned by HSG or Paradigm to TRBP, and denies all other factual assertions set forth in said paragraph.

29. With respect to Paragraph 29 of the Complaint: TRBP admits that on August 23, 2010, a proof of claim (assigned Claim No. 57 in TRBP's official claims register) was filed in TRBP's bankruptcy case in the name of PAC d/b/a SAO to assert a claim in the amount of $29,385,000 against TRBP ("**Claim No. 57**"); and, with respect to factual assertions regarding the content of the proof of claim, TRBP asserts that said proof of claim speaks for itself and hereby admits such factual assertions regarding the content of the proof of claim only to the extent consistent with the proof of claim, denying all other factual assertions. In all other respects, TRBP denies the factual assertions set forth in Paragraph 29.

30. With respect to the first sentence of Paragraph 30 of the Complaint: TRBP admits that in accordance with its agreement with HSG under the Shared Charter Services Agreement, TRBP made payments to Paradigm in June, July and August 2010; TRBP admits that, pursuant to its agreement with HSG under the First Amendment to Shared Charter Services Agreement and, in conjunction with the assumption and assignment to RBE of the Shared Charter Services Agreement as amended by the First Amendment to Shared Charter Services Agreement, the terms of the Asset Purchase Agreement between TRBP and RBE (as amended from time to time) approved and consummated in accordance with the Plan and the Court's order confirming the Plan, TRBP made payments to Paradigm in September and October 2010; and in all other

---

Charter Services Agreement (and, to such extent, such obligations were not assumed by RBE). *See also Stipulated Judgment Regarding Claims By and Against Rangers Baseball Express LLC* [Docket No. 149].

[5] In further answer, TRBP notes that in the RBE pleading referenced in the second sentence of Paragraph 27, RBE did *not* take the position that TRBP did *not* assume and assign to RBE the Shared Charter Services Agreement as amended by the First Amendment to Shared Charter Services Agreement; rather, RBE disputed the lenders' assertion that RBE had agreed to assume certain of TRBP's residual payment obligations (*see* footnote 4) pursuant to RBE's bid at the auction of TRBP's assets. *See* Docket No. 603.

respects, TRBP denies the factual assertions set forth in said sentence. With respect to the second sentence of Paragraph 30: TRBP admits that it did not pay any amounts to Paradigm in November 2010; TRBP admits that the Texas Rangers played a baseball game at its home stadium on November 1, 2010, but played no other games, whether at home or away, in November 2010; TRBP denies that it had any obligation to make any payments to Paradigm in November 2010; TRBP further asserts that, pursuant to the terms of the First Amendment to Shared Charter Services Agreement, the October 2010 payment made by TRBP to Paradigm was for aircraft charter services in November 2010; and in all other respects, TRBP denies the factual assertions set forth in said sentence. With respect to the third sentence of Paragraph 30, TRBP admits that on November 24, 2010, a motion styled *Paradigm Air Carriers Inc.'s Motion for Payment of Administrative Expense Claim* [Docket No. 762] was filed in TRBP's bankruptcy case in the name of PAC d/b/a PAO; and, with respect to factual assertions regarding the content of the motion, TRBP asserts that said motion speaks for itself and hereby admits such factual assertions regarding the content of the motion only to the extent consistent with the motion, denying all other factual assertions. In all other respects, TRBP denies the factual assertions set forth in Paragraph 30.

31.     TRBP denies the factual assertions set forth in Paragraph 31 of the Complaint.

## Causes of Action

### Count One: Breach of 2007 Charter Agreement

32.     In response to Paragraph 32 of the Complaint, TRBP incorporates paragraphs 1-31 above as if fully set forth herein.

33.     With respect to Paragraphs 33-39 of the Complaint, TRBP asserts that it is not required to admit or deny any of the factual assertions set forth therein, as Count One of the

Complaint has been dismissed by order of the Court. *See* Docket Nos. 190, 197-199. In further answer, TRBP denies that Paradigm is entitled to any relief under Count One of the Complaint.

## Count Two: Breach of Shared Charter Services Agreement

34. In response to Paragraph 40 of the Complaint, TRBP incorporates paragraphs 1-33 above as if fully set forth herein.

35. With respect to Paragraph 41 of the Complaint: TRBP is not required to admit or deny whether the Shared Charter Services Agreement is a valid and enforceable written contract between TRBP and HSG, as such assertions are legal in nature; and with respect all remaining factual assertions, TRBP asserts that the Shared Charter Services Agreement speaks for itself and hereby admits such factual assertions only to the extent consistent with the Shared Charter Services Agreement, denying all other factual assertions; provided, however, that TRBP further asserts that the Shared Charter Services Agreement was amended by the First Amendment to Shared Charter Services Agreement and, except as expressly provided in the Shared Charter Services Agreement as amended by the First Amendment to Shared Charter Services Agreement, denies that TRBP was obligated to pay any amounts to Paradigm.

36. TRBP denies the factual assertions set forth in Paragraph 42 of the Complaint, and denies that Paradigm is entitled to any relief against TRBP.

37. TRBP denies the factual assertions set forth in Paragraph 43 of the Complaint, and denies that Paradigm is entitled to any relief against TRBP.

38. TRBP denies the factual assertions set forth in Paragraph 44 of the Complaint.

39. With respect to the first sentence of Paragraph 45 of the Complaint, TRBP admits that it has refused to pay Claim No. 57. With respect to the second sentence of Paragraph 45, TRBP admits that, in accordance with the terms of the Plan regarding the establishment of

reserves for disputed claims, TRBP's Plan Administrator has established a reserve in the amount of $29,385,000 on account of disputed Claim No. 57. In all other respects, TRBP denies the factual assertions set forth in Paragraph 45.

40. TRBP denies the factual assertions set forth in Paragraph 46 of the Complaint, and denies that Paradigm is entitled to any relief against TRBP.

41. TRBP denies the factual assertions set forth in Paragraph 47 of the Complaint, and denies that Paradigm is entitled to any relief against TRBP.

**Count Three: Breach of 2007 Charter Agreement by HSG as TRBP's Alter Ego**

42. In response to Paragraph 48 of the Complaint, TRBP incorporates paragraphs 1-41 above as if fully set forth herein.

43. With respect to Paragraphs 49-54 of the Complaint, TRBP asserts that it is not required to admit or deny any of the factual assertions set forth therein, as Count Three of the Complaint has been dismissed by order of the Court. *See* April 11, 2011 docket entry; Docket Nos. 52, 197-199. In further answer, TRBP denies that Paradigm is entitled to any relief under Count Three of the Complaint.

**Count Four: Declaratory Judgment**

44. In response to Paragraph 55 of the Complaint, TRBP incorporates paragraphs 1-43 above as if fully set forth herein.

45. With respect to Paragraphs 56-57 of the Complaint, TRBP asserts that it is not required to admit or deny any of the factual assertions set forth therein, as Count Four of the Complaint has been dismissed by order of the Court. *See* Docket Nos. 190, 197-199. In further answer, TRBP denies that Paradigm is entitled to any relief under Count Four of the Complaint.

### Count Five: Breach of First Amendment to Shared Charter Services Agreement

46. In response to the first sentence of Paragraph 58 of the Complaint, TRBP incorporates paragraphs 1-45 above as if fully set forth herein. TRBP is not required to respond to the second sentence/clause of Paragraph 58 as said sentence/clause merely expresses the conditional and alternative nature of Paradigm's assertion of Count Five of the Complaint.

47. With respect to Paragraphs 59-64 of the Complaint, TRBP asserts that it is not required to admit or deny any of the factual assertions set forth therein, as Count Five of the Complaint has been dismissed by order of the Court. *See* Docket Nos. 197-199. In further answer, TRBP denies that Paradigm is entitled to any relief under Count Five of the Complaint.

### Count Six: Recovery of Attorneys' Fees and Expenses

48. In response to Paragraph 65 of the Complaint, TRBP incorporates paragraphs 1-47 above as if fully set forth herein.

49. With respect to Paragraph 66 of the Complaint: TRBP admits that attorneys with the law firms of Sayles|Werbner, P.C. and Dykema Gossett PLLC have made appearances in this action on behalf of Paradigm; TRBP lacks sufficient information and knowledge to admit or deny whether Paradigm has agreed to pay said firms' reasonable and necessary attorneys' fees; therefore, such assertions are deemed denied; and in all other respects, TRBP denies the factual assertions set forth in Paragraph 66.

50. TRBP denies the factual assertions set forth in Paragraph 67 of the Complaint, and denies that Paradigm is entitled to any relief under Count Six of the Complaint.

### Request for Relief

51. With respect to Paradigm's Request for Relief, TRBP denies that Paradigm is entitled to any of the relief requested therein against TRBP.

## II. AFFIRMATIVE DEFENSES

52. TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b) for failing to state a claim against TRBP for which relief may be afforded.

53. Additionally and alternatively, TRBP asserts that Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, for Paradigm's lack of standing.

54. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, by the Statute of Frauds, Tex. Bus. & Com. Code § 26.01.

55. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, by 11 U.S.C. 365(k).

56. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, by 11 U.S.C. § 1141(d) and the terms of the Plan and the Court's order confirming the Plan.

57. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, by 11 U.S.C. § 524(a).

58. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, for lack of mutual assent.

59. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, for lack of consideration.

60. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, for failure of consideration.

61. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are subject to dismissal and/or are otherwise barred, in whole or in part, by terms of the Shared Charter Services Agreement as amended by the First Amendment to Shared Charter Services Agreement.

62. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are barred, in whole or in part, by duress.

63. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are barred, in whole or in part, by failure of conditions precedent.

64. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are barred, in whole or in part, by HSG's breach of the Shared Charter Services Agreement.

65. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are barred, in whole or in part, by repudiation.

66. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are barred, in whole or in part, by waiver.

67. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are barred, in whole or in part, for the failure to mitigate damages.

68. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are barred, in whole or in part, by setoff and/or recoupment.

69. Additionally and alternatively, TRBP asserts that the Complaint and the causes of action asserted thereby are barred, in whole or in part, because the Shared Charter Services Agreement is avoidable under 11 U.S.C. § 548(a)(1)(A). *See also* TRBP's *Original Third-Party Complaint Against HSG Sports Group LLC and Counterclaim Against the Paradigm Parties* [Docket No. 151 and 153].

WHEREFORE, TRBP respectfully requests the Court's entry of judgment (i) denying Paradigm any relief against TRBP, and (ii) providing TRBP such other and further legal and equitable relief to which TRBP shows itself to be justly entitled.

Dated: September 13, 2013            Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C**.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: 214.855.7500
Facsimile: 214.855.7584

By: */s/ E. Lee Morris*
    Joseph J. Wielebinski (TBN 21432400)
    E. Lee Morris (TBN 00788079)
    Phil C. Appenzeller, Jr. (TBN 24003710)

**ATTORNEYS FOR TEXAS RANGERS BASEBALL PARTNERS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2013, a true and correct copy of the foregoing pleading was served (i) electronically through the Court's ECF transmission facilities on all counsel registered to receive ECF notice in this case, and (ii) by U.S. first class mail, postage prepaid, on the following counsel of record:

Sayles|Werbner, P.C.
Attn: William S. Snyder/Darren P. Nicholson
1201 Elm Street, Suite 4400
Dallas, TX 75270
*Counsel for Paradigm Parties*

Dykema Gossett PLLC
Attn: Jeffrey R. Fine
1717 Main Street, Suite 4000
Dallas, TX 75201
*Counsel for Paradigm Parties*

                                              */s/ E. Lee Morris*
                                              E. Lee Morris